UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2022

SEAN F. McAVOY, CLERK

| | |
|---|---|
| MARTHA V.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | No. 1:20-CV-3155-JAG<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Martha V. (Plaintiff); Special Assistant United States Attorney Ryan Ta Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits in 2017, alleging disability since January 31, 2017, Tr. 221, later amended to June 27, 2017, Tr. 248, due to blood clot left eye, GERD, hypertension, obesity, and type 2 diabetes, Tr. 261. Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on January 3, 2020, Tr. 36-65, and issued an unfavorable decision on January 27, 2020, Tr. 21-30. The Appeals Council denied Plaintiff's request for review on July 30, 2020. Tr. 1-8. The ALJ's January 2020 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 28, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in November 1963, Tr. 221, and was 53 years old on the amended alleged onset date, June 27, 2017, Tr. 248. She indicated she could not understand or speak English well, her preferred language was Spanish, and a Spanish language interpreter was available for Plaintiff and utilized at the administrative hearing. Tr. 38-39, 43-44, 260. Plaintiff had completed school through the 10th grade. Tr. 262.

Plaintiff testified at the administrative hearing that pain in her feet caused her to have to sit down when she was on her feet for more than 10 minutes at a time. Tr. 43, 44. While sitting did not completely alleviate the pain, massaging her feet and medication helped "a little bit." Tr. 44. She testified the pain in her feet had gotten better over time. Tr. 48. With respect to her vision, Plaintiff stated that when she was working and needed to kneel forward, she would feel pain or pressure on her eyes. Tr. 45-46. The eye pressure issues eventually worsened to the point that she could no longer tolerate working. Tr. 46-47. Plaintiff's disability report indicates she stopped working on January 31, 2017 because of her conditions. Tr. 261.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past

relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 27, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 27, 2017, the amended alleged onset date. Tr. 23.

At step two, the ALJ determined Plaintiff had the following severe impairments: retinal detachment and defects, peripheral neuropathy, diabetes mellitus, spine disorder, and obesity. Tr. 23.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light work with the following limitations: she can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; she can occasionally kneel, crouch, and crawl; she retains sufficient visual acuity and depth perception to handle and manipulate small and large objects with no manipulative limitations; she can avoid ordinary workplace obstacles, such as boxes on the floor, doors ajar, or approaching people or vehicles; and she should not be exposed to hazardous workplace conditions, such as working at unprotected heights. Tr. 25-26.

///

At step four, the ALJ determined that, considering Plaintiff's RFC with the physical and mental demands of her past relevant work as a Produce Sorter and Cannery Worker, and based on the testimony of the vocational expert, Plaintiff was capable of performing her past relevant work as actually and generally performed. Tr. 30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 27, 2017, the amended alleged onset date, through the date of the ALJ's decision, January 27, 2020. Tr. 30.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff specifically argues the ALJ erred by:

(1) improperly determining that some of Plaintiff's impairments were not severe;
(2) improperly rejecting medical source opinions;
(3) improperly rejecting her subjective testimony and lay witness statements; and
(4) failing to conduct an adequate step four analysis.

ECF No. 15 at 4.

**DISCUSSION**

**A.    Severe Impairments**

Plaintiff contends the ALJ erred at step two of the sequential evaluation process by improperly dismissing her foot impairments as groundless. ECF No. 15 at 6-8. Defendant responds that the ALJ reasonably found Plaintiff's foot impairments were not severe as defined in the regulations. ECF No. 16 at 4-6. ///

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

At step two, Plaintiff has the burden of proving she has a severe impairment, 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.912, and, in order to meet this burden, Plaintiff must furnish medical and other evidence that shows her impairment is severe, 20 C.F.R. § 416.912(a). The regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c), provide that an impairment is severe if it significantly limits one's ability to perform basic work activities. An impairment is considered non-severe if it does not significantly limit your physical or mental ability to do basic work activities. The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b). Activities include "physical functions such as walking, sitting, lifting, pushing, pulling, reaching, carrying or handling." *Id.*

Step two is "a de minimis screening device [used] to dispose of groundless claims," *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996), and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when this conclusion is "clearly established by medical evidence." S.S.R. 85-28; *see Webb v. Barnhart*, 433 F.3d 683, 686-687 (9th Cir. 2005). Applying the normal standard of review to the requirements of step two, the Court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Plaintiff did not have a medically severe impairment. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) ("Despite the deference usually accorded to the Secretary's application of regulations, numerous appellate courts have imposed a narrow construction upon the severity regulation applied here."); *Webb*, 433 F.3d at 687.

In this case, the ALJ indicated Plaintiff presented with pain in the bottom of her bilateral feet that had been bothering her for a month in July 2017. Tr. 24, 486. She was diagnosed with plantar fascial fibromatosis and congenital pes cavus. Tr. 24, 488. However, the ALJ concluded these impairments were not severe because the pain was noted to improve with treatment and there was little evidence

the impairments caused any significant limitations in Plaintiff's ability to perform basic, work-related activities for a continuous twelve-month period. Tr. 24.

Plaintiff testified that foot pain caused her to have to sit down when she was on her feet for more than 10 minutes at a time. Tr. 43-44. Although she stated the pain in her feet had gotten better over time,[2] Tr. 48, the fact that an individual has some improvement does not mean that the impairment no longer seriously affects her ability to function. *See Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014, citing *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001)). Plaintiff's testimony regarding her foot pain is corroborated by medical records which show Plaintiff was treated for her foot impairments over a period of several months, Tr. 486, 490, 493, 496, 499, 502, 505, and, more than a year later, in October 2018, she was still experiencing foot pain, Tr. 640-642. In October 2017, a podiatrist, Shawn Summers, DPM, opined that Plaintiff was incapable of performing any type of work on a continuous, sustained basis due to chronic bilateral foot pain and neuropathy. Tr. 505.

The Court finds the record reflects evidence of Plaintiff's foot impairments sufficient to pass the *de minimis* threshold of step two of the sequential evaluation process; therefore, Plaintiff's claim of severe foot impairments was not "groundless." *See Smolen*, 80 F.3d at 1290; *Webb*, 433 F.3d at 688. The ALJ erred at step two of the sequential evaluation process.

Defendant argues any error at step two would be harmless because the ALJ considered any limitations imposed by the foot impairments at a later step of the

---

[2]The ALJ also found Plaintiff "was doing well and apparently stopped needing treatment for foot pain" in February 2019, *see* Tr. 24, 647 (noting "patient is doing well. She has found some inserts that are comfortable for her. She is going to return to see me as needed. She will return if symptoms worsen we may need to resume treatment of plantar fasciitis.")

sequential evaluation. ECF No. 16 at 5-6. The Court does not agree. Although the ALJ mentions Plaintiff's allegations of bilateral foot pain and her testimony that she was not able to stand for long periods in the context of her evaluation of Plaintiff's subjective complaints, Tr. 26, the ALJ failed to assess any functional limitations posed by Plaintiff's foot impairments or otherwise evaluate limitations from her foot issues at step four. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (ALJ's failure to include impairment as severe at step two was harmless error where ALJ considered the limitations posed by the impairment at step four). The ALJ's error at step two was not harmless, and, consequently, a remand is warranted in this case.

**B.      Medical Opinion Evidence**

Plaintiff asserts the ALJ erred by rejecting the medical opinion evidence of Shawn Summers, DPM, Maryalice Hardison, ARNP, and Caryn Jackson, M.D. ECF No. 15 at 8-14. Defendant responds the ALJ appropriately evaluated the medical opinions under the new legal standards. ECF No. 16 at 10-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability

program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

As indicated above, Dr. Summers opined in October 2017 that Plaintiff was incapable of performing any type of work on a continuous, sustained basis due to chronic bilateral foot pain and neuropathy. Tr. 505. In September 2017, Ms. Hardison also opined Plaintiff could not work due to orbital varix, diabetic neuropathy, pes cavus, and plantar fasciitis. Tr. 611. In December 2017, Ms. Hardison restricted Plaintiff to sedentary work, with standing and walking restricted to two hours due to neuropathy; indicated Plaintiff's impairments would cause her to be off task at least 26-50% throughout a workday; and opined Plaintiff's impairments would cause her to be absent from work four or more days per month. Tr. 608-610. In September 2018, Dr. Jackson concurred with Ms. Hardison's findings. Tr. 612-614.

The ALJ found the opinion of Dr. Summers not persuasive because it was poorly supported and not consistent with treatment records. Tr. 28. The ALJ also found the opinions of Ms. Hardison and Dr. Jackson not persuasive because they were not well supported and not consistent with unremarkable physical examinations. Tr. 28-29. The ALJ instead relied on the opinions of state agency medical consultants who limited Plaintiff to light exertion level work. Tr. 29.

As this claim is being remanded for further consideration given the ALJ's error at step two of the sequential evaluation process, the Court finds the ALJ shall also be directed to reevaluate the medical opinion evidence regarding Plaintiff's

///

physical functioning and specifically readdress the supportability and consistency of the opinions of Dr. Summers, Ms. Hardison, and Dr. Jackson.

**C.      Plaintiff's Subjective Complaints and Lay Witness Statements**

Plaintiff also contends the ALJ erred by improperly rejecting her subjective testimony and the statements of lay witnesses. ECF No. 15 at 14-17. Defendant responds the ALJ reasonably rejected Plaintiff's symptom allegations, ECF No. 16 at 6-9, and reasonably discounted the lay witness statements because they mirrored Plaintiff's unreliable symptom allegations, ECF No. 16 at 9-10.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

With respect to lay witness statements, the ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987), citing 20 C.F.R. § 404.1513(e)(2). "Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." *Sprague*, 812 F.2d at 1232. The ALJ may not ignore or improperly reject the probative testimony of a lay witness without giving reasons ///

that are germane to each witness. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical and other evidence of record. Tr. 26-27. The ALJ listed the following reasons for finding Plaintiff's subjective complaints not persuasive in this case: (1) Plaintiff's visual allegations were out of proportion with the workup findings; (2) Plaintiff's physical examinations were largely unremarkable; (3) Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not consistent with the longitudinal treatment record; (4) Plaintiff often appeared for medical appointments and examinations in no acute or apparent distress; and (5) other discrepancies in the record detracted from the reliability of Plaintiff's self-report. Tr. 27-28.

While some of the above reasons provided by the ALJ for discounting Plaintiff's subjective complaints may be supported by the evidence of record, this matter must be remanded for additional proceedings given the ALJ's error at step two. *See supra*. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

The ALJ considered the lay witness statements of Plaintiff's friend, Chafeka Abdellatif, Tr. 290-297; Plaintiff's daughter, Angela Maldonado, Tr. 323; and Plaintiff's husband, Servando Maldonado, Tr. 324; and determined those statements mimicked much of Plaintiff's allegations which had been rejected. Tr. 29. The ALJ thus also found the lay witness statements not persuasive. Tr. 29. Again, since this matter must be remanded, the ALJ, on remand, shall also

///

reconsider and reassess the lay witness statements of Chafeka Abdellatif, Tr. 290-297, Angela Maldonado, Tr. 323, and Servando Maldonado, Tr. 324.

**D.  Steps Four**

Plaintiff asserts the ALJ erred by failing to conduct a proper step four assessment. ECF No. 15 at 17-20. Defendant responds that the ALJ reasonably found Plaintiff failed to demonstrate at step four that she was unable to perform her past relevant work. ECF No. 16 at 19-21.

As determined above, a remand is warranted in this case. On remand, the ALJ shall reevaluate Plaintiff's RFC taking into consideration the opinions of the medical professionals noted above, Plaintiff's subjective complaints, the lay witness statements, and any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. The ALJ shall then reevaluate the findings at step four, with the assistance of a vocational expert, and, if necessary, address step five of the sequential evaluation process.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. ECF No. 15 at 20. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ erred at step two of the sequential evaluation process. Therefore, on remand, the ALJ shall reevalute Plaintiff's disability claim given the evidence of record supports a finding that Plaintiff's plantar fascial fibromatosis and congenital pes cavus are severe impairments. On remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if

any, are not credible and, if deemed not credible, what specific evidence undermines those statements. The ALJ shall also reconsider the lay witness statements and the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. The ALJ shall reevaluate Plaintiff's RFC, reevaluate the findings at step four, with the assistance of a vocational expert, and, if necessary, address step five of the sequential evaluation process.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REVERSED AND REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 30, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE